# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARIN SCOTT ROBBINS,<br><br>                   Petitioner,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                   Respondents. | Case No.: 2:18-cv-00698-APG-VCF<br><br>**ORDER**<br><br>[ECF Nos. 2, 6] |

On October 17, 2018, I dismissed petitioner Darin Scott Robbins' 28 U.S.C. § 2254 habeas corpus petition for failure to comply with my prior order to pay the filing fee. ECF No. 6. Judgment was entered. ECF No. 7. However, Robbins had in fact paid the filing fee, which was not reflected on the docket due to a clerical error. *See* ECF No. 8. Accordingly, my order dismissing the petition is vacated.

I have now reviewed the petition as required by Habeas Rule 4, and it shall be docketed and served on the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If a petitioner fails to include all claims in his petition, he may be forever barred from seeking federal habeas relief upon those claims. *See* 28 U.S.C. §2254(b) (successive petitions).

Robbins' petition in this case includes some ineffective assistance of counsel claims in which he explains the factual allegations for the claim. But as ground 1 Robbins merely states that he wishes to raise all grounds that he raised on direct appeal, without setting forth those grounds. In ground 2 Robbins states that he wishes to raise all grounds that he raised in his state postconviction petition, without setting forth those grounds. This is insufficient. Robbins must set forth each separate ground for which he seeks federal habeas relief as well as briefly state the

factual allegations supporting each ground. If Robbins seeks to include these claims or is aware of any other claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claims.

Robbins has also filed a motion for appointment of counsel. ECF No. 2. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, aside from leaving out the specific basis for the claims in ground 1 and 2, Robbins' petition appears to present the issues that he wishes to raise reasonably clearly, and the legal issues do not appear to be particularly complex. Therefore, counsel is not justified. Robbins' motion is denied.

IT IS THEREFORE ORDERED that my order dated October 17, 2018 dismissing the petition **(ECF No. 6) is VACATED**.

IT IS FURTHER ORDERED that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents.

IT IS FURTHER ORDERED that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **(ECF No. 2) is DENIED.**

IT IS FURTHER ORDERED that the respondents shall file a response to the petition, including potentially by motion to dismiss, within 90 days of service of the petition. Any requests for relief by the petitioner by motion otherwise are subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. The respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that petitioner shall have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition. Any other requests for relief by the respondents by motion are otherwise subject to the normal briefing schedule under the local rules.

IT IS FURTHER ORDERED that any additional state court record exhibits filed herein by either the petitioner or the respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed shall be identified by the number or numbers of the exhibits in the attachment.

IT IS FURTHER ORDERED that the parties shall send paper courtesy copies of all exhibits to the Clerk of Court, Attn: Staff Attorney, 400 S. Virginia St., Reno, NV, 89501. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

DATED: 25 October 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE