# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Darin Scott Robbins,<br><br>                Petitioner,<br>   v.<br><br>State of Nevada,<br><br>                Respondents. | Case No. 2:18-cv-698-APG-VCF<br><br>**ORDER** |

Petitioner Darin Scott Robbins has filed several motions, including a motion for leave to amend the petition (ECF No. 17). The respondents filed a motion to dismiss certain grounds in the petition (ECF No. 35). Robbins did not file an opposition to that motion. As discussed below, the motion for leave to amend is denied, and the motion to dismiss is granted in part.

## I.      Motion for Appointment of Counsel

Robbins has filed a second motion for appointment of counsel. ECF No. 18. I denied his first motion for counsel because his petition sets forth the claims reasonably clearly, and the legal issues are not particularly complex. In his second motion for counsel, Robbins does not argue any new bases that warrant the appointment of counsel. Most of his claims are unexhausted, but he was able to articulate the claims. The motion is denied.

## II.      Procedural History and Background

On February 16, 2012, a jury convicted Robbins of burglary while in possession of a deadly weapon, conspiracy to commit robbery, first-degree kidnapping with the use of a deadly

weapon, and robbery with use of a deadly weapon. Exhibit 241.[1]  The state district court

sentenced him to terms that amount to a minimum of 143 months to a maximum of 456 months.

Exhs. 272, 283.  A judgment of conviction was entered on July 10, 2012. Exh. 283.

The Supreme Court of Nevada affirmed Robbins' convictions on February 9, 2011, and

the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus

petition on February 13, 2018. Exhs. 2, 7.

On or about April 16, 2018, Robbins dispatched his federal habeas petition for filing.

ECF No. 10.  He then filed a supplemental petition (ECF No. 12) and a second motion to

amend/supplement the petition (ECF No. 17), which is pending.

## III. Legal Standards & Analysis

### a. Relation Back

The respondents first argue that the first supplement and the proposed second supplement

are untimely and do not relate back to the timely, original petition. ECF Nos. 22, 35.  A new

claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective

Death Penalty Act (AEDPA) one-year limitation period will be timely only if the new claim

relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil

Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence"

as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).

The Supreme Court of Nevada affirmed Robbins' conviction and sentence on June 13,

2013. Exh. 310.  Robbins did not seek a writ of certiorari, so his conviction became final on

September 11, 2013, 90 days after his conviction was affirmed. *Jimenez v. Quarterman*, 555 U.S.

---

[1] The exhibits referenced in this order are the respondents' exhibits and are found at ECF Nos. 23, 36-43.

113, 119-20 (2009) (conviction final when Supreme Court denies petition for writ of certiorari, or when time to seek writ expires); *see also* Sup. Ct. R. 13(1). On May 7, 2014, Robbins filed his state petition for writ of habeas corpus. Exh. 3. As a result, the AEDPA clock stopped after 238 untolled days. 28 U.S.C. § 2244(d)(2).

Robbins' limitations period tolled during the pendency of his state petition and related appeal, until the Nevada Court of Appeals issued its remittitur on March 13, 2018. Exhibit 369. The AEDPA limitations period started again on March 14, 2018. 28 U.S.C. § 2244(d)(2).

Robbins mailed his federal petition on or about April 16, 2018, using another 34 days untolled time, for a total of 272 days. ECF No. 10. A properly filed federal habeas action does not toll the limitations period under AEDPA. *Duncan v. Walker*, 533 U.S. 167, 182 (2001). Accordingly, the AEDPA limitations period expired on July 18, 2018. *See id*. The respondents argue that the supplemental claims filed by Robbins on November 21, 2018 (ECF No. 12), more than four months after his AEDPA limitations period expired, were thus untimely absent relation back to the original petition. *See Mayle*, 545 U.S. at 650; *see also* Fed. R. Civ. P. 15(c). Robbins further sought leave to amend or file a second supplement on March 19, 2019, about eight months after the limitations period expired.

While the respondents' calculations are accurate, in this case there are other, equitable considerations. Robbins' application to proceed in forma pauperis in this court was denied, and he was directed to pay the filing fee. ECF No. 5. When Robbins failed to do so, his case was dismissed. ECF No. 6. However, Robbins had in fact paid the filing fee; this was not reflected on the court docket due to a clerical error. The order dismissing the case was vacated, and the petition was served. ECF No. 9. Subsequent to this confusion, Robbins sought to amend or supplement his petition within 30 days of the date the petition was served and sought the second

amendment within about four months of the date the petition was reinstated and served.[2]  In light of these events, I decline to find any of the claims in the first supplement and second supplement to be untimely.

### b. Exhaustion

The respondents argue that numerous grounds are unexhausted.  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to

---

[2] There is a stronger argument to be made that the second supplement should be deemed untimely, because Robbins had only about three months of the limitation period remaining when he dispatched his federal petition for filing and took about four months to seek the second amendment after this action was reinstated.  Still, considering the confusion at the outset of this case, the interests of equity and justice are best served by deeming both pro se supplements timely.  Moreover, I will deny as futile the motion for leave to file the second supplement.

correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### c. Claims Raised on Direct Appeal

Robbins raised three claims on direct appeal:

Ground 1(a): alleging that the trial court erred in allowing the State to introduce 224 photographs into evidence that had never been turned over to Robbins prior to trial in contravention to *Brady v. Maryland*, 373 U.S. 83 (1963).

Ground 1(b): alleging that the kidnapping charge should be dismissed as any movement of the victim was incidental to the alleged robbery.

Ground 1(c): alleging that the trial court erred by refusing to allow Robbins to admit evidence of prior false positives and other errors made by the Las Vegas Metropolitan Police Department Forensics Laboratory. *See* exh. 1.

### d. Claim Raised on Postconviction Appeal

In his appeal from the denial of his state postconviction habeas petition, Robbins raised a single claim: that trial counsel was ineffective for failing to file a petition for writ of habeas corpus ad testificandum for the co-defendant Frank Morales. Exh. 6.

### e. Original Petition and First Supplement

The respondents argue that several grounds in the petition and first supplement are unexhausted (ECF 35).

**Grounds 1 and 2**

Robbins merely refers to "all grounds raised" in his direct appeal and state habeas petition. ECF No. 10, pp. 3, 5. He does, however, specifically refer to the Supreme Court of Nevada order affirming his convictions and the state district court order denying his postconviction petition, both of which he attaches and identifies by exhibit letter. Generally, a claim that requires the court to look beyond the petition does not present the facts necessary to show exhaustion, unless the claim makes "clear and repeated references" to appended facts. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005); *see also Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The respondents argue that even if I deem ground 1 as setting forth his three direct appeal claims, ground 1(b) and 1(c) are still unexhausted:

Ground 1(b): alleging that the kidnapping charge should be dismissed as any

movement of the victim was incidental to the alleged robbery; and

Ground 1(c): alleging that the state district court erred by refusing to allow

Robbins to admit evidence of prior false positives and other errors made by the

Las Vegas Metropolitan Police Department Forensics Laboratory. *See* exh. 1.

The respondents are correct that grounds 1(b) and 1(c) present state-law challenges only. Robbins did not present them to the Supreme Court of Nevada as federal constitutional claims. *Duncan*, 513 U.S. at 365; *see Hiivala*, 195 F.3d at 1106. Accordingly, grounds 1(b) and 1(c) are unexhausted.

With respect to ground 2, Robbins attempts to incorporate all grounds that he raised in his initial state petition. ECF No. 10, p. 5. However, while Robbins raised 18 postconviction claims to the state district court, he presented only one claim to the Nevada Court of Appeals. Exh. 7. Thus, that one claim—that trial counsel was ineffective for failing to file a petition for a writ of habeas corpus ad testificandum as to Robbins' co-defendant—is the only exhausted claim in federal ground 2.

**Grounds 3 & 7**

Robbins asserts in ground 3 that his trial counsel was ineffective when he knowingly based his entire defense on the affidavit of co-defendant Morales, which the court did not allow to be presented to the jury; counsel had no other defense. ECF No. 10, p. 7. In ground 7, Robbins contends that his trial counsel was ineffective because he failed to object to the victim's identification of Robbins while Robbins was in jail clothes and shackles, when the victim had previously failed to identify Robbins in a photographic lineup. *Id*. at 13. Again, the only claim that Robbins raised in his appeal of the denial of his state postconviction petition was the claim

that his trial counsel was ineffective for failing to file a petition for writ of habeas corpus ad testificandum as to Morales. Exh. 6. Thus, I agree with the respondents that federal grounds 3 and 7 are unexhausted.

**Ground 9**

Robbins argues that his constitutional rights were violated when: (a) the victim made an in-court identification of him after failing to identify him in a photograph lineup; (b) the trial judge limited the cross-examination of the prosecution's forensics expert; (c) the chain of custody was broken for certain evidence; and (d) the prosecuting attorney improperly referred to alleged footwear impressions in his closing argument. The respondents are correct that Robbins has not presented grounds 9(a), 9(c) or 9(d) to the highest state court. Thus, those subparts of ground 9 are unexhausted. Ground 9(b) is duplicative of ground 1(c), which, as explained, is dismissed because it presents an issue of state law only.

**Ground 8**

This is the *Brady* claim that Robbins has presented as ground 1(a), which will be reviewed on its merits. ECF No. 10, p. 17. Thus, ground 8 is dismissed as duplicative.

**First Supplement**

The respondents are correct that Robbins has not presented any of the claims in the first supplement to the highest state court as federal constitutional claims. He sets forth the following grounds in his first supplement (ECF No. 12):

Ground 1-S: The trial judge misstated the law when she claimed that movement or restraint of a victim was enough to find Robbins guilty of kidnapping.[3]

---

[3] This claim also presents a state-law issue only.

Ground 1A: Evidence was not properly collected, in that photographs were taken after evidence had been moved, and police contaminated Robbins' clothing.

Ground 2A: The State charging Robbins with both kidnapping and associated crime of robbery was a violation of his right against double jeopardy. The Supreme Court of Nevada erred in ruling that the determination of whether or not kidnapping occurred was to be made by the jury.

Ground 3A: The trial judge erred by limiting cross-examination of the State's forensics expert, including questions regarding the misconduct of other employees of the forensics lab, as well as the chain of custody of the evidence.[4]

All of the claims in the first supplement are unexhausted.

### f.   **Ground 4 of the Original Petition**

The respondents also argue that ground 4 is noncognizable on federal habeas review. ECF No. 35, pp. 13-14. Ground 4 is a claim that Robbins' postconviction counsel rendered ineffective assistance when he failed to raise several claims on appeal of the denial of the state petition. ECF No. 10, p. 9. There is no Sixth Amendment right to counsel on collateral appeal, so there is no right to effective assistance of counsel on collateral appeal. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Accordingly, ground 4 is dismissed.

////

////

////

---

[4] This claim is also duplicative of grounds 1(c) and 9(b).

### g. Petitioner's Second Motion to Supplement/Amend

As noted, Robbins has filed a motion for leave to file an amendment/second supplement to the petition along with the proposed supplement. ECF No. 17. I deny that motion because amendment would be futile.

Generally, leave to amend should be freely granted; however, leave may be denied for various reasons. *See Caswell v. Calderon*, 363 F.3d 832, 837-40 (9th Cir. 2004). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings," though each factor is not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d 815, 845. If the proposed amended claims are unexhausted, amendment is futile. *Caswell*, 363 F.3d at 839.

Robbins seeks to add the following claims in the proposed second supplement (ECF No. 17):

Ground 1b: Robbins' rights to due process and confrontation were violated when the victim was allowed to identify Robbins at his preliminary hearing, while Robbins was wearing jail clothes and shackles, following the victim's failure to identify Robbins in a photograph lineup.

Ground 2b: Counsel Robert Langford was ineffective for failing to provide Robbins' subsequent attorneys with discovery and investigative files, was ineffective for failing to challenge the victim's identification of Robbins at the preliminary hearing, was ineffective for withdrawing on the eve of trial, and did these actions to intentionally harm Robbins.

Ground 3b: The prosecuting attorney committed prosecutorial misconduct by allowing an unlawful identification of Robbins by the victim, lying to the court about discovery issues, and failing to present proper documentation of the chain of custody of the evidence.

Ground 4b: Robbins' rights to due process and a fair trial were violated by the failure to preserve evidence. The police took photos of the scene only after the marijuana evidence was removed. A prosecution witness improperly stated that had untested evidence been tested, it would have shown Robbins' DNA.

Ground 5b: Robbins' trial attorneys, Dan Winder and Arnold Weinstock, were ineffective, incompetent and unprofessional. Counsel delayed filing a motion for discovery, had a friendship with the prosecuting attorney that prejudiced Robbins, did not prepare adequately for trial, refused to call witnesses, failed to introduce the co-defendant's affidavit in court, failed to hire expert witnesses, failed to investigate potential defenses, and made prejudicial statements in closing argument.

Ground 6b: Appellate counsel Mario Valencia was ineffective by failing to have meaningful communication with Robbins, failing to file a motion, refusing to take action requested by Robbins, and failing to return Robbins' phone calls.

Ground 7b: Robbins' rights to due process and a fair appeal process were violated because the trial transcripts are full of errors and omissions.

Grounds 1(b), 2(b), 3(b), 4(b), 5(b), 6(b), and 7(b) are all unexhausted.

Ground 8b: Robbins' rights to due process, discovery, and confrontation were violated by the contamination of evidence at the scene of the crime, including a

police officer transferring DNA of the victim to Robbins' clothing. The chain of custody of the evidence was broken. Robbins was unable to effectively cross-examine witnesses because of the delayed receipt of the 224 photos withheld by the State, as well as the court's imposition of restrictions on cross-examination of the state's forensics expert.

Ground 9b: The State committed prosecutorial misconduct when the prosecuting attorney testified in closing argument about the footwear impression matches and stated that Robbins admitted to carrying a knife at the crime scene.

Grounds 8(b) and 9(b) are unexhausted and duplicative in part of other unexhausted claims.

Ground 10b: Robbins claims cumulative error and that the court erred by ruling the marijuana that was present at the crime scene to be irrelevant and prohibiting Robbins from cross-examining the victim regarding the marijuana.

Ground 11b: The trial judge committed judicial misconduct by sighing and rolling her eyes at objections, ruling the marijuana irrelevant, allowing a stun gun demonstration to the jury, stating movement and restraint of the victim were sufficient to constitute kidnapping, preventing Robbins from stating his issues on the record, and informing Robbins that if he discharged his attorneys, he would have to proceed pro se.

Grounds 10(b) and 11(b) are unexhausted.

Ground 12b: post-conviction appellate counsel Matthew Lay was ineffective for removing most grounds Robbins had presented to the district court in his state habeas petition and raising only one ground on post-conviction appeal, he lied to Robbins about the proceedings, failed to obtain discovery, the investigative file,

or the 224 photographs the State initially withheld, and refused to file a best

evidence motion despite the trial transcripts' inaccuracy.

As with ground 4, discussed above, this claim is noncognizable. *Finley*, 481 U.S. 551; 28 U.S.C. § 2254(i).

The entire proposed second supplement is unexhausted. As amendment would be futile, the motion to amend is denied.

## IV. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Here, the only claims that are exhausted are ground 1(a) and the claim in ground 2 that trial counsel was ineffective for failing to file a petition for a writ of habeas corpus ad testificandum as to Robbins' co-defendant. Because the petition contains unexhausted claims, Robbins has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[5] or

---

[5] With respect to this option, I make no assurances regarding the timeliness of any future petition.

3.     He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, I have discretion to stay a petition that I may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id*. at 277.

If Robbins wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding whether or not his unexhausted claims are plainly meritless. The respondents would then be able to respond, and Robbins could reply. Or, Robbins may file a declaration voluntarily abandoning his unexhausted claims as described above.

If Robbins fails to choose any of these three options or seek other appropriate relief from this court, I will dismiss his federal habeas petition. Robbins is advised to familiarize himself with the limitation periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitation periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

/ / / /

### V.     Robbins' Discovery Motions

Robbins has filed a motion for audio recording of the trial (ECF No. 19) and a motion for discovery of evidence (ECF No. 20). In the first motion, Robbins argues that the trial transcript omits statements by the prosecutor regarding footprint evidence during closing arguments and the objection lodged by defense counsel.[6] In the second motion, he asserts that the State has not provided the photographs that he challenges in federal ground 1(a). In light of the fact that Robbins' petition contains both exhausted and unexhausted claims, these motions are denied without prejudice as premature. *Calderon v. U.S. Dist. Court ("Roberts")*, 113 F.3d 149 (9th Cir. 1997) ( "[as this] federal habeas petition contains unexhausted claims that must be dismissed or pursued in state court before they may be included in the federal habeas petition, discovery at this time is inappropriate").

### VI.     Conclusion

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 35) is GRANTED in part** as follows:

Ground 4 is DISMISSED.

Ground 1(a) is EXHAUSTED.

The claim in ground 2 that trial counsel was ineffective for failing to file a petition for a writ of habeas corpus ad testificandum as to Robbins' co-defendant is EXHAUSTED.

All other claims in the original petition and supplement (ECF Nos. 10, 12) are UNEXHAUSTED.

I FURTHER ORDER that **by March 24, 2020**, Robbins shall either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds

---

[6] The claim that the prosecutor made these improper statements is unexhausted.

for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If Robbins chooses to file a motion for a stay and abeyance, or seek other appropriate relief, the respondents may respond to such motion as provided in Local Rule 7-2.

I FURTHER ORDER that if Robbins elects to abandon his unexhausted grounds, the respondents shall have 30 days from the date he serves his declaration of abandonment in which to file an answer to the remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

I FURTHER ORDER that Robbins shall have 30 days following service of the respondents' answer in which to file a reply.

I FURTHER ORDER that if Robbins fails to respond to this order within the time permitted, this case may be dismissed.

I FURTHER ORDER that Robbins' second motion to amend petition **(ECF No. 17) is DENIED**.

I FURTHER ORDER that Robbins' second motion for appointment of counsel **(ECF No. 18) is DENIED.**

I FURTHER ORDER that Robbins' motion for audio recording of trial **(ECF No. 19)** and motion for discovery of evidence **(ECF No. 20) are both DENIED without prejudice**.

I FURTHER ORDER that the respondents' motion for extension of time to file a response to the petition **(ECF No. 25) is GRANTED** *nunc pro tunc*.

Dated:   February 20, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE