UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DARIN SCOTT ROBBINS,

Petitioner,

v.

STATE OF NEVADA, et al.,

Respondents.

Case No. 2:18-cv-00698-APG-VCF

ORDER

Darin Scott Robbins filed a pro se habeas corpus petition under 28 U.S.C. § 2254. In February 2020, I granted the respondents' motion to dismiss some of the grounds in the petition. ECF No. 47. Robbins elected to abandon his unexhausted claims and to proceed on his exhausted claims only. ECF Nos. 48, 49. The respondents then filed their answer to the remaining claim. ECF No. 50. Nearly 30 days after that, Robbins filed a motion to amend his petition. ECF No. 51. As discussed below, I deny the motion for leave to amend.

Federal Rule of Civil Procedure 15 governs the amendment of. *See also* LR 15-1; 28 U.S.C. § 2242; *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A party may amend a pleading as a matter of course 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. . . ." Fed. R. Civ. Pro. 15(a)(1)(A)-(B). Generally, leave to amend is to be freely granted when justice so requires. Fed. R. Civ. Pro. 15(a)(2).

Leave may be denied for various reasons. The judge may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings," though each factor is not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The party seeking to amend must establish the reason why the amendment is required. The burden is then on the opposing party to indicate why justice requires denial. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). However, when amendment is

1

sought at a late stage in the litigation, the movant's burden becomes heavier and he must justify his failure to move earlier. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001); *see also Steir v Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.").

Robbins did not moved for leave to amend within 21 days of the original petition, which was filed and served in October 2018. ECF No. 10.  He filed a supplement in November 2018. ECF No. 12.  Nor did he move for leave to amend within 21 days of the respondents' answer, which was filed April 22, 2020.  And Robbins has not demonstrated that he moved to amend without undue delay.

It does not appear that what Robbins actually wants to do is amend the petition.  There are two remaining grounds before in the petition:

Ground 1(a): The state district court erred by allowing the State to introduce into evidence 224 photographs that he had previously requested but that he claims the State failed to turn over in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 10.

Ground 2: Robbins' trial counsel was ineffective for failing to file a petition for writ of habeas corpus ad testificandum for his co-defendant. *Id*.

However, in his motion Robbins asks for the photographs. ECF No. 51.  Robbins previously filed a motion for discovery of evidence and argued that the State had failed to provide him with the photographs he challenges in ground 1(a). ECF No. 20.  I denied that motion without prejudice in February 2020 as premature. ECF No. 47.  Robbins never filed another motion regarding the discovery.  Further, the respondents point out that in their answer to the petition they do not rely directly on the photographs themselves but on the testimony regarding the photographs at trial. *See, e.g.*, ECF No. 50, pp. 4-7.

The respondents have filed their answer to the remaining grounds, and Robbins filed his reply. Thus, the petition is briefed and ready for disposition on the merits. Robbins does not in fact seek to amend his claims.  Especially at this late state in the litigation, and also in light of the

2

Case 2:18-cv-00698-APG-VCF   Document 55   Filed 08/03/20   Page 3 of 3

fact that Robbins has previously amended or supplemented the petition, his motion to amend is denied. I will address the merits of the petition in due course.

I THEREFORE ORDER that petitioner's motion to amend the petition **(ECF No. 51) is DENIED**.

I FURTHER ORDER that the respondent's motion for extension of time to file a response to petitioner's motion to amend **(ECF No. 53) is GRANTED** *nunc pro tunc*.

DATED: 3 August 2020.

U.S. District Judge Andrew P. Gordon

3